UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN WOODEN,                     :
                                   :
            Petitioner             :
                                   :   CIVIL NO. 1:CV-05-0731
       vs.                         :
                                   :   (Judge Caldwell)
WARDEN TROY WILLIAMSON,            :
                                   :
            Respondent.            :

*M E M O R A N D U M*

*I.    Introduction*

Steven Wooden, an inmate at the Allenwood United States Penitentiary, White Deer, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that the Bureau of Prisons ("BOP") has miscalculated his good conduct time ("GCT").

The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an

unnecessary answer. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). For the reasons that follow, the petition will be denied.

*II.    Background and Discussion.*

In 1992, Wooden was sentenced by the United States District Court for the Eastern District of New York to 188 months' incarceration plus five years of supervised release for possession of a firearm in violation 18 U.S.C. § 922(g)(1) and § 924 (e)(1). (Doc. 2, Sworn Affidavit in Support of Request for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.).

The BOP'S calculation of his GCT gives him a projected release date of August 25, 2005. Wooden asserts this calculation is incorrect as a result of the BOP's misinterpretation of 18 U.S.C. § 3624(b), the statutory authority for good time credits. Petitioner asserts that the BOP "owe[s] [him] 3 months and 18 days good conduct time which changes [his] release date" to May 7, 2005. (*Id.*)

We must deny the petition because the Third Circuit recently rejected Petitioner's argument in *O'Donald v. Johns*, 402 F.3d 172 (3d Cir. 2005), finding section 3624(b) ambiguous but the BOP's interpretation of it reasonable.

An appropriate order will be entered.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 19, 2005

```
              UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA
```

STEVEN WOODEN,                 :
                               :
            Petitioner         :
                               :   CIVIL NO. 1:CV-05-0731
       vs.                     :
                               :   (Judge Caldwell)
WARDEN TROY WILLIAMSON,        :
                               :
            Respondent.        :

## *O R D E R*

AND NOW, this 19th day of April, 2005, in accordance with the accompanying memorandum, it is ordered that:

1. The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is denied.

2. The application to proceed in forma pauperis (doc. 3) is granted.

3. The Clerk of Court is directed to close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge